UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

ISAAC GATLIN, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

DONERIGHT CUSTOM PAINTING, LLC,
a Florida Limited Liability Company, and
PASQUALE SAVAGE, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, ISAAC GATLIN (hereinafter referred to as "Plaintiff"), is an individual whose race is Black and resides in Miami-Dade County, Florida.

2. At all times material to this Complaint, DONERIGHT CUSTOM PAINTING, LLC, a Florida Limited Liability Company, and PASQUALE SAVAGE, individually (collectively referred to as "Defendants"), have owned and operated a residential and commercial painting and pressure cleaning business based at 21515 SW 97th Court, Cutler Bay, Florida 33189 in Miami-Dade County, within the jurisdiction of the Court, at numerous job sites throughout Florida including but not limited to, by way of example, job sites in Key West, Coral Gables, and Kendall.

3. Defendant, PASQUALE SAVAGE, at all times material to this Complaint, has owned and managed DONERIGHT CUSTOM PAINTING, LLC, and Defendant SAVAGE has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other

1

employees, and/or controlled the finances and day-to-day management operations of DONERIGHT CUSTOM PAINTING, LLC. By virtue of such control and authority, Defendant SAVAGE is an employer of Plaintiff and the other employees of DONERIGHT CUSTOM PAINTING, LLC similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself and other current and former non-exempt painters and laborers of Defendants similarly situated to him, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), as well as for alleged race discrimination against Plaintiff in violation of 42 U.S.C. §1981.

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), 42 U.S.C. §1981, and 28 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, DONERIGHT CUSTOM PAINTING, LLC, have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, DONERIGHT CUSTOM PAINTING, LLC, have employed two (2) or more employees who, *inter alia*, regularly: (a) handled, and worked with, paint and commercial cleaning products including but not limited chemicals and/or soaps, which cleaning products were goods and/or materials moved in or

produced for commerce; (b) handled and worked with paint brushes pressure cleaners, hoses, tanks, generators, other commercial cleaning equipment, as well as Defendants' trucks, which all constitute goods and/or materials moved in or produced for commerce; and (c) processed checks through banks for Defendants' customers in interstate commerce.

8. Based upon information and belief, the annual gross sales volume of DONERIGHT CUSTOM PAINTING, LLC was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, DONERIGHT CUSTOM PAINTING, LLC has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. At all times material to this action, Plaintiff was an employee of Defendants, DONERIGHT CUSTOM PAINTING, LLC and PASQUALE SAVAGE, within the meaning of 42 U.S.C. §1981.

11. At all times material to this action, Defendants, DONERIGHT CUSTOM PAINTING, LLC and PASQUALE SAVAGE, constituted an employer or joint employer of Plaintiff within the meaning of 42 U.S.C. §1981.

12. During the three (3) year statute of limitations period between approximately November 2017 and March 2020, Plaintiff's primary duties for Defendants consisted of non-exempt manual labor—namely painting, pressure cleaning, and handyman duties—at numerous job sites throughout Florida including but not limited to, by way of example, job sites in Key West, Coral Gables, and Kendall.

13. Throughout Plaintiff's employment with Defendants during the three (3) year

statute of limitations period between approximately November 2017 and March 2020, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants failed to pay Plaintiff time and one-half wages for all of his actual overtime hours worked each week, with Defendants instead paying Plaintiff based upon a day rate of approximately $75.00 to $100.00 per day.

14. Likewise, the other employees of Defendants who are similarly situated to Plaintiff regularly worked as non-exempt painters and laborers, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between November 2017 and the present.

15. However, Defendants also failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt painters and laborers, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours worked within the three (3) year statute of limitations period between November 2017 and the present.

16. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt painters and laborers, however variously titled, who worked for Defendants in one or more weeks between November 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants at any locations.

17. During the three (3) year statute of limitations period between approximately November 2017 and March 2020, Plaintiff regularly worked as a non-exempt painter and laborer for Defendants approximately six (6) days per week with start times of approximately 9:00 a.m. and stop times between approximately 6:30 to 8:30 p.m., regularly working an average of approximately Fifty-Four (54) hours per week.

18.     Subject to discovery, based upon Defendants paying Plaintiff a day rate of $75.00 to $100.00 per day and average weekly wages of $600.00 per week between approximately November 2017 and March 2020 and Plaintiff being owed an average of approximately of Fourteen (14) overtime hours per week from Defendants during a total of approximately during a total of approximately One Hundred and Ten (110) work weeks at the half-time rate of $5.56 per hour [$600.00/54 hours = $11.11/2 = $5.56/hour], Plaintiff's unpaid overtime wages total approximately **$8,555.56** [$5.56/hour x 14 Unpaid OT hours/week x 110 weeks = $8,555.56].

19.     Based upon information and belief, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated non-exempt painters and laborers, however variously titled, during each week between approximately November 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

20.     At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated non-exempt painters and laborers, however variously titled, in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately November 2017 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

21.     The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt painters and laborers, however variously titled, at

during the three (3) year statute of limitations period between approximately November 2017 and the present are in the possession, custody, and/or control of Defendants.

22. On a frequent basis throughout Plaintiff's employment with Defendants, PASQUALE SAVAGE, whose race is White/Caucasian, was demeaning towards Plaintiff and referred to Plaintiff and other Black individuals, as "you people" or "you black people."

23. On or around March 10, 2020, Plaintiff was involved in a workplace accident in a company vehicle owned by Defendants—a Chevrolet Silverado—after which PASQUALE SAVAGE (a) called Plaintiff a "Nigger" approximately two (2) to three times; and (b) terminated Plaintiff's employment because of Plaintiff's race, Black, in violation of 42 U.S.C. §1981.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff, ISAAC GATLIN, readopts and realleges the allegations contained in Paragraphs 1 through 23 above.

25. Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants as a non-exempt painter and laborer in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately November 2017 and March 2020.

26. All similarly situated non-exempt painters and laborers, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between approximately November 2017 and the present.

27. Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt painters and laborers, however variously titled, similarly situated to him at time and one-

half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the three (3) year statute of limitations period between approximately November 2017 and the present.

28. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt painters and laborers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately November 2017 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

29. By reason of the said intentional, willful, and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

30. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt painters and laborers, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

31. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

32. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ISAAC GATLIN and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, DONERIGHT CUSTOM PAINTING, LLC and PASQUALE SAVAGE, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

Plaintiff, ISAAC GATLIN, reasserts and reaffirms the allegations of Paragraphs 1 through 23 as if fully set forth herein and further states that Count II is for race discrimination in violation of 42 U.S.C. §1981 against DONERIGHT CUSTOM PAINTING, LLC and PASQUALE SAVAGE.

33. 42 U.S.C. §1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

34. Moreover, for purposes of 42 U.S.C. §1981, the term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

35. When PASQUALE SAVAGE, whose race is White/Caucasian, referred to Plaintiff and other Black individuals throughout Plaintiff's employment as "you people" or "you black people" and Defendant SAVAGE called Plaintiff a "Nigger" on or around March 10, 2020 approximately two (2) to three times following Plaintiff's workplace accident and further subjected Plaintiff to disparate treatment culminating with Defendants terminating Plaintiff's employment

on March 10th because of Plaintiff's race, Black, Defendants engaged in intentional discrimination against Plaintiff because of his race, Black, in violation of 42 U.S.C. §1981.

36. In March 2020, Defendants subjected Plaintiff to disparate treatment and intentional discrimination by terminating Plaintiff's employment because of Plaintiff's race, Black, in violation of 42 U.S.C. §1981.

37. Defendants' violations of Plaintiff's rights under 42 U.S.C. §1981 were intentional and undertaken with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States. As such, Plaintiff is entitled to punitive damages against Defendants pursuant to 42 U.S.C. §1981a(a)(1).

38. Plaintiff has suffered lost earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of Defendants' violations of 42 U.S.C. §1981.

39. Pursuant to 42 U.S.C. §1988(b), Plaintiff is entitled to recover his reasonable attorneys' fees and costs from Defendants for Defendants' violations of 42 U.S.C. §1981.

WHEREFORE, Plaintiff, ISAAC GATLIN, demands judgment against Defendants, jointly and severally, DONERIGHT CUSTOM PAINTING, LLC and PASQUALE SAVAGE, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  November 20, 2020          Respectfully submitted,

**s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031

Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hazel@solisrojaslaw.com
LAW OFFICE OF HAZEL SOLIS ROJAS, P.A.
3105 NW 107th Avenue, Suite 400
Doral, Florida 33172
Telephone: (305) 558-8402
Fax: (305) 504-8953

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Pasquale Savage and Doneright Custom Painting, L.L.C.**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. and the Law Office of Hazel Solis Rojas, P.A., to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_____

**Isaac Gatlin**