UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24797-CIV-WILLIAMS/MCALILEY

ISAAC GATLIN,

    Plaintiff,

vs.

DONERIGHT CUSTOM PAINTING, LLC,
*et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff has filed a Motion to Enforce Settlement, which the Honorable Kathleen M. Williams referred to me for a report and recommendation (ECF Nos. 41, 44). Defendants have not filed a response, and the time to do so has passed.

Plaintiff filed this action asserting a claim for overtime payment pursuant to the Fair Labor Standards Act ("FLSA") (Count I) and a claim for race discrimination pursuant to 42 U.S.C. § 1981 (Count II). (ECF No. 1). On December 28, 2020, Plaintiff voluntarily dismissed his FLSA claim. (ECF No. 11). On May 5, 2021, United States Magistrate Judge John J. O'Sullivan conducted a settlement conference at which the parties fully settled the remaining race discrimination claim.[1] Judge O'Sullivan read the terms of the parties' settlement into the

---

[1] In his Motion, Plaintiff erroneously invokes the "Lynn's Food" standard for review of settlements of FLSA claims, and the FLSA itself (*see id.* at 4-5), which has no bearing on the resolution of Plaintiff's Motion.

record at the conclusion of the conference, and both parties affirmed their agreement to those terms. (ECF No. 33). The parties did not reduce their agreement to writing; this does not preclude the Court's enforcement of the parties' agreement.[2] The parties consented to transfer of this case to Judge O'Sullivan, who entered an Order dismissing the case with prejudice and retaining jurisdiction until March 6, 2023, to enforce the settlement terms. (ECF No. 39). This action was reassigned to Judge Williams following Judge O'Sullivan's retirement. (ECF No. 42).

As relevant here, the settlement agreement requires Defendants, jointly and severally, to pay Plaintiff the sum of $10,500.00, in equal monthly installments of $500.00, for a period of twenty-one (21) months, to begin on June 5, 2021. (ECF No. 41 at ¶ 6; ECF No. 33).[3] The settlement further provides that, if Defendants default in their payment obligations and fail to cure their default following notice and a three (3) business day cure period, Plaintiff is entitled to a final judgment in the amount of $20,000.00, less any payments received, for which Defendants are jointly and severally liable. (*Id.*). These terms are clear and unambiguous.

The record reflects that Defendants made monthly installment payments to Plaintiff totaling $2,000.00 but, beginning in October 2021, ceased making the agreed payments. (ECF No. 41 at ¶¶ 10-11). Plaintiff's counsel repeatedly notified Defendants' counsel of Defendants' breach of the settlement agreement and requested payment. (*Id.* at ¶ 12). Defendants did not resume making the required settlement payments and have not otherwise cured their default.

---

[2] "An enforceable settlement agreement may…be reached orally…[and] [a]ll that is required is that the terms be clear, definite and capable of proof." *Reed By and Through Reed v. United States*, 717 F.Supp. 1511, 1516-17 (S.D. Fla. 1988) (citations omitted).

[3] The Court listened to the recording of the hearing that Judge O'Sullivan held following the settlement conference, at which he confirmed that the parties agreed to these terms. (ECF No. 33).

The cure period has long since passed. The Court concludes that Defendants have breached the parties' settlement agreement. Pursuant to the clear and unambiguous terms of the parties' settlement agreement, Plaintiff is therefore entitled to final judgment against Defendants, jointly and severally, in the amount of $18,000.00.[4]

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court: (i) grant Plaintiff's Motion to Enforce Settlement, (ECF No. 41), and (ii) enter final judgment in favor of Plaintiff, Isaac Gatlin, and against Defendants, Doneright Custom Painting, LLC, and Pasquale Savage, jointly and severally, in the amount of $18,000.00, plus post-judgment interest at the rate allowable by law, for which let execution issue.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 14th day of April 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

---

[4] This sum reflects the $20,000.00 agreed upon amount less Defendants' payments of $2,000.00.